IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                              PLAINTIFF

      v.                          Civil No.  6:13-cv-06126

CLARK COUNTY, ARKANSAS                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *in forma pauperis* and *pro se*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**1.  Background**

Plaintiff is currently incarcerated in the Tucker Unit of the Arkansas Department of Correction.  According to the allegations of the complaint a Clark County Judge failed to: consider whether certain misdemeanor offenses were lesser-included offenses of certain felony offenses; conduct a lesser-included offense test of the misdemeanor; and make findings of fact and conclusions of law as to whether the misdemeanor offenses were lesser included offenses.

On April 14, 1995, Plaintiff tried to outrun an Arkansas State Police trooper.  The chase ended in a wreck and Plaintiff was taken to jail and charged with reckless driving and failure to yield

to an emergency vehicle. The prosecutor filed felony charges against Plaintiff for aggravated assault, first degree battery, and felony fleeing.

In June of 1995, Plaintiff was convicted in the Clark County Municipal Court of reckless driving, failure to yield to an emergency vehicle, and other offenses stemming from April 4th. On July 17, 1995, Plaintiff's counsel filed a motion to dismiss the felony indictment based on double jeopardy. A motion hearing was held on July 21, 1995, and the motion to dismiss was denied. Plaintiff appealed this ruling.

Despite the pending appeal, Plaintiff's trial was held on July 25, 1995. Plaintiff was convicted and sentenced to a period of imprisonment.

Plaintiff also asserted claims against Pulaski and Jefferson counties. However, those claims were severed and transferred to the Eastern District of Arkansas.

**2. Discussion**

Plaintiff's claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)(§ 1981 case); see also Wilson v. Garcia, 471 U.S. 261, 268 (1985)(§ 1983 case); Bell v. Fowler, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). See Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

Plaintiff seeks to avoid the statute of limitations by arguing that no final order was entered by the trial court. Further, he states that under Arkansas law an illegal sentence may be corrected at any time.

Plaintiff's arguments are rejected. A final order was entered when the Plaintiff was sentenced. The fact that Plaintiff believes the sentence was illegal under Arkansas law does not preclude

application of the statute of limitations.  Thus, any claims based on events that occurred in 1995 are barred by the statute of limitations.

Moreover, even if the statute of limitations did not bar these claims, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  See e.g., Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 483-89 (1994); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### 3.  Conclusion

For the reasons stated, the case should be dismissed with prejudice.  The dismissal of this action will count as a strike under 28 U.S.C. § 1915(g).  The Clerk should be directed to put a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of March 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE