IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                           PLAINTIFF

VS.                                          CASE NO. 6:13-cv-6126

CLARK COUNTY                                                                                              DEFENDANT

**ORDER**

     Before the Court is the Report and Recommendation filed March 5, 2014 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (ECF No. 6). The Court adopted the Report and Recommendation, dismissing Plaintiff's claims with prejudice on April 1, 2014.  (ECF No. 7).  Thereafter, Plaintiff informed the Court that he did not receive the Report and Recommendation and did not therefore have the opportunity to file objections, so the Court reopened his time to file objections.  (ECF No. 13).  The Plaintiff timely filed those objections on January 5, 2015.  (ECF No. 14).

     In his Report and Recommendation, Judge Bryant recommended that Plaintiff's claims be dismissed because they are barred by the statute of limitations and because he cannot use the civil rights statutes for habeas corpus relief.  *See Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994). Plaintiff objects, arguing the following: (1) the statute of limitations does not bar his claim because he is not challenging a fact but the unconstitutional policies of state official actions; (2) some of his claims had not been adjudicated; (3) his conviction has been called into question by a writ of habeas corpus so he can properly bring a claim under Section 1983; (4) Judge John Forrester, in denying Plaintiff's habeas corpus petition in 1997, violated 28 U.S.C. § 2254; and (5) he is still suffering the effects of the alleged Section 1983 claims so the statute of limitations does not apply.

     Sherman is attempting to reclassify his Section 1983 arguments as habeas relief, and they are

barred by the statute of limitations. Moreover, his claims were adjudicated, as Judge Bryant found, by his sentence. The fact that Sherman believes the sentence was contrary to law does not preclude the application of the statute of limitations. The Court does not understand Plaintiff's arguments that his conviction was called into question by a writ of habeas corpus, as his request for writ of habeas corpus was denied with prejudice. In all other claims, Plaintiff seeks habeas relief, and he cannot use the civil rights statutes to procure habeas relief. *See e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, the Court's previous adoption of the Report and Recommendation, dismissing the case with prejudice, remains unchanged. (ECF No. 7). All other pending motions are hereby DISMISSED AS MOOT.

**IT IS SO ORDERED**, this 26th day of January, 2015.

  /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge